GALLIAN WELKER & BECKSTROM, L.C.
Nathan E. Lawrence, SBN 15060
Travis N. Barrick, SBN 9257
540 E. St. Louis Avenue
Las Vegas, Nevada 89104
Telephone: (702) 892-3500
Facsimile: (702) 386-1946
nlawrence@vegascase.com
*Attorneys for Plaintiff David A. Gonzalez*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DAVID A. GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>RENEE BAKER, TARA L. CARPENTER; DWAYNE L. BAZE; MARIA WARD; FRANCISCO BAUTISTA; VALAREE C. OLIVAS; and STEPHEN P. CLARK; collectively,<br><br>Defendants. | Case No.: 2:20-cv-01879-JCM-DJA<br><br>**STIPULATION AND ORDER TO EXTEND THE DISCOVERY DEADLINE**<br><br>**(First Request)** |

Pursuant to Fed. R. Civ. P. Rule 6(b)(1)(A), LR IA 6-1, and LR 26-3, Plaintiff DAVID A. GONZALEZ ("Plaintiff"), by and through the law offices of GALLIAN WELKER & BECKSTROM, L.C., and Defendants RENEE BAKER, TARA L. CARPENTER, DWAYNE L. BAZE, MARIA WARD, FRANCISCO BAUTISTA, VALAREE C. OLIVAS, and STEPHEN P. CLARK (collectively, "Defendants"), by and through their counsel, AARON D. FORD, Attorney General, and Deputy Attorney General Alexander J. Smith, Esq., hereby submit this Stipulation and Order to Extend the Discovery Deadline.

This is the first stipulation to extend the discovery deadline, and this stipulation is presented to the Court more than twenty-one (21) days in advance of the currently calendared

close of discovery on July 14, 2021. For the foregoing reasons and as is more fully explicated below, the Parties respectfully request that this Court extend the discovery and associated deadlines in this matter.

## I. PROCEDURAL HISTORY

1. On October 8, 2020, Plaintiff filed his Complaint [ECF No. 1], initiating this action.

2. Over the course of time from around October 13, 2020, to December 16, 2020, Defendants were variously served, or, as applicable, service was waived [*see* ECF Nos. 5, 7, and 8].

3. On November 1, 2020, the Parties submitted their Stipulation and Order to Extend Time to File Answer [ECF No. 4], which was accepted and ordered by the Court on November 17, 2020 [ECF No. 6].

4. On January 15, 2021, Defendants filed their Answer [ECF No. 9].

5. On January 29, 2021, the Parties filed their Joint Conference Report and Stipulated Discovery Plan and Scheduling Order [ECF No. 10], which was accepted and ordered by the Court on February 1, 2021 [ECF No. 11].

## II. LEGAL STANDARD

Fed. R. Civ. P. Rule 6(b)(1) governs extensions of time and allows, in relevant part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." If additional time for any purpose is needed, the proper procedure is to present a request for extension of time before the time fixed has expired. *Canup v. Mississippi Val. Barge Line Co.*, 31 F.R.D. 282 (W.D. Pa. 1962). An extension of time may always be sought and is usually granted on a showing of good cause if timely made under subdivision (b)(1) of the Rule. *Creedon v. Taubman*, 8 F.R.D. 268 (N.D. Ohio 1947). Also, a district court possesses the inherent power to control its own docket. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

LR IA 6-1 additionally requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the deadline expired resulted because of excusable neglect. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension, and such a motion filed after the expiration of the deadline will not be granted unless the movant demonstrates that the failure to act resulted from excusable neglect.

Finally, LR 26-3 lists four factors that are considered upon adjudication of a motion to extend a discovery deadline: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

## III. ARGUMENT

### A. The Four Factors Contained Within LR 26-3 Are Satisfied, and the Parties Show Good Cause for Modifying the Scheduling Order.

**1. Discovery Completed to Date:**

On February 12, 2021, pursuant Fed. R. Civ. P. Rule 26(a)(1), the Parties exchanged their respective initial disclosures of persons likely to have discoverable information; documents, electronically stored information, and tangible things; computation of damages, and applicable insurance coverage.

**2. Discovery Remaining:**

Plaintiff is largely prepared to propound written discovery to Defendants pending this Court's approval and order on this stipulation. At this point in the lawsuit, and as is relatively common in inmate litigation of this kind, Defendants have not served any additional discovery requests on Plaintiff and do not envisage the need to; due to the unique nature of a custodial

environment, Defendants have access to all the information they need and shall continue to disclose to Plaintiff on an ongoing basis any information required under Fed. R. Civ. P. Rule 26.

### 3. Reasons Why Deadline Will Not Be Satisfied or Remaining Discovery Cannot Be Completed Within Current Time Limits:

Given the nature of the COVID pandemic and its impact on the reasonableness and feasibility of inmate visitation at Three Lakes Valley Conservation Camp (where Plaintiff is incarcerated), the effectiveness and speed of communication between Plaintiff and counsel regarding proposed written discovery has been understandably vitiated. Though now largely ready to be propounded to Defendants, Plaintiff's proposed written discovery cannot, absent an extension, be timely presented at least thirty (30) days prior to the currently calendared July 14, 2021, discovery cut-off.

Additionally, Deputy Attorney General Alexander J. Smith, Esq. is currently admitted to the Nevada Bar under SCR 49.1(1)(f) on a temporary limited practice certification for the sole purpose of representing the Nevada Attorney General in all Nevada State and Federal Courts. In December 2020, the Nevada Bar's Functional Equivalency Committee evaluated Attorney Smith's English legal qualifications (various law degrees and admission to the Bar of England and Wales and to the New York Bar in 2016, as well as multiple federal clerkships and a three-and-a-half-year stint as visiting scholar at Berkeley Law) and cleared Attorney Smith to take the July 2021 Nevada Bar. Attorney Smith is required take the exam to convert his temporary license into a full license. Presently, Attorney Smith is solely responsible for approximately fifty (50) cases in addition to studying for another bar exam, which is recognized as one of the more difficult state bar examinations; thus, an extension of the discovery deadline in this matter until after the July 2021 Nevada Bar will assist both Attorney Smith in spreading out his workload over this case (including drafting relevant discovery responses) and Plaintiff in prosecuting his claims.

Both Plaintiff and Defendants continue to diligently prosecute and defend this action, respectively, and believe it is in the interests of justice that this stipulation is granted. Neither party will be prejudiced by this brief extension of the various deadlines.

4. **Proposed Schedule for Completing Remaining Discovery:**

| Event | Current Deadlines | Proposed New Deadlines |
|---|---|---|
| Discovery Cutoff | July 14, 2021 | **August 13, 2021** |
| Dispositive Motion Deadline | August 13, 2021 | **September 13, 2021** |
| Joint Pretrial Order Deadline | September 13, 2021 | **October 13, 2021 *** |

\* In the event a dispositive motion is under submission by September 13, 2021, the Joint Pre-Trial Order shall be due no later than 30 days after entry of the Court's order ruling on same.

All other discovery dates not referenced herein remain the same as listed in the February 1, 2021, Stipulated Discovery Plan and Scheduling Order.

**IT IS SO STIPULATED.**

DATED this 16th day of June 2021.

**GALLIAN WELKER & BECKSTROM, L.C.**

_____
Nathan E. Lawrence, SBN 15060
Travis N. Barrick, SBN 9257
540 E. St. Louis Avenue
Las Vegas, Nevada 89104
Telephone: (702) 892-3500
nlawrence@vegascase.com
*Attorneys for Plaintiff David A. Gonzalez*

DATED this 16th day of June 2021.

**AARON D. FORD, Attorney General**

/s/ Alexander J. Smith
_____
Alexander J. Smith, SBN 15484C
555 E. Washington Ave., Suite 3900
Las Vegas, Nevada 89101
Telephone: (702) 486-3420
AJSmith@ag.nv.gov
*Attorneys for Defendants*

**IT IS SO ORDERED.**

DATED: June 17. 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE