```
AARON D. FORD
  Attorney General
NATHAN C. HOLLAND, Bar No. 15247
  Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, NV  89701-4717
Tel:  (775) 684-1254
E-mail:  NHolland@ag.nv.gov
```
*Attorney for Defendants Renee Baker,*
*Tara Carpenter, Dwayne Baze, Maria*
*Ward, Francisco Bautista, Valaree*
*Olivas, and Stephen Clark*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| DAVID A. GONZALEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RENEE BAKER, TARA L. CARPENTER; DWAYNE L. BAZE; MARIA WARD; FRANCISCO BAUTISTA; VALAREE C. OLIVAS; and STEPHEN P. CLARK; collectively,<br><br>　　　　　　Defendants. | Case No.:  2:20-cv-01879-JCM-DJA<br><br>**STIPULATION AND ORDER<br>TO EXTEND THE DISCOVERY<br>DEADLINE AND DISPOSITIVE MOTIONS**<br><br>**(Fourth Request)** |

Pursuant to Fed. R. Civ. P. Rule 6(b)(1)(A), LR IA 6-1, and LR 26-3, Defendants RENEE BAKER, TARA L. CARPENTER, DWAYNE L. BAZE, MARIA WARD, FRANCISCO BAUTISTA, VALAREE C. OLIVAS, and STEPHEN P. CLARK (collectively, "Defendants"), by and through their counsel, AARON D. FORD, Attorney General, and Deputy Attorney General Nathan C. Holland, Esq., and Plaintiff DAVID A. GONZALEZ ("Plaintiff"), by and through the law offices of GALLIAN WELKER & BECKSTROM, L.C., hereby submit this Stipulation and Order to Extend Discovery Deadline (Fourth Request).

/ / /

This is the fourth stipulation to extend the discovery deadline (the third request having been denied by the Court without prejudice, for failure to address the issue of excusable neglect for a request made after expiration of the relevant deadline). For the foregoing reasons and as is more fully explained below, the Parties respectfully request that this Court extend the discovery and associated deadlines in this matter.

## I.  PROCEDURAL HISTORY

1. On October 8, 2020, Plaintiff filed his Complaint [ECF No. 1], initiating this action.

2. Over the course of time from around October 13, 2020, to December 16, 2020, Defendants were variously served, or, as applicable, service was waived [*see* ECF Nos. 5, 7, and 8].

3. On November 1, 2020, the Parties submitted their Stipulation and Order to Extend Time to File Answer [ECF No. 4], which was accepted and ordered by the Court on November 17, 2020 [ECF No. 6].

4. On January 15, 2021, Defendants filed their Answer [ECF No. 9].

5. On January 29, 2021, the Parties filed their Joint Conference Report and Stipulated Discovery Plan and Scheduling Order [ECF No. 10], which was accepted and ordered by the Court on February 1, 2021 [ECF No. 11].

6. On June 16, 2021, the Parties filed their Stipulation and Order to Extend the Discovery Deadline [ECF No. 13].

7. On June 17, 2021, the Court issued an order granting the Stipulation and Order to Extend the Discovery Deadline [ECF No. 14].

8. On August 16, 2021, the Parties filed their Stipulation and Order to Extend the Discovery Deadline (Second Request) [ECF No. 15].

9. On August 17, 2021, the Court issued an order granting the Stipulation and Order to Extend the Discovery Deadline (Second Request), extending, *inter alia*, the discovery deadline until September 13, 2021 [ECF No. 16].

10. On September 22, 2021, the Parties filed their Stipulation and Order to Extend the Discovery Deadline (Third Request) [ECF No. 17].

///

1  11. On September 23, 2021, the Court denied without prejudice the Stipulation and Order to Extend the Discovery Deadline (Third Request), for failure to address the issue of excusable neglect for a request made after expiration of the relevant deadline [ECF No. 18].

## II. LEGAL STANDARD

Fed. R. Civ. P. Rule 6(b)(1) governs extensions of time and allows, in relevant part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." If additional time for any purpose is needed, the proper procedure is to present a request for extension of time before the time fixed has expired. *Canup v. Mississippi Val. Barge Line Co.,* 31 F.R.D. 282 (W.D. Pa. 1962). An extension of time may always be sought and is usually granted on a showing of good cause if timely made under subdivision (b)(1) of the Rule. *Creedon v. Taubman*, 8 F.R.D. 268 (N.D. Ohio 1947). Also, a district court possesses the inherent power to control its own docket. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

LR IA 6-1 additionally requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the deadline expired resulted because of excusable neglect. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension, and such a motion filed after the expiration of the deadline will not be granted unless the movant demonstrates that the failure to act resulted from excusable neglect.

Finally, LR 26-3 lists four factors that are considered upon adjudication of a motion to extend a discovery deadline: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

/ / /

**III.   ARGUMENT**

**A.   The Four Factors Contained Within LR 26-3 Are Satisfied, and the Parties Show Good Cause for Modifying the Scheduling Order, Which Good Cause Further Demonstrates that the Failure to Timely Request the Extension Was the Result of Excusable Neglect.**

**1.   Discovery Completed to Date:**

On February 12, 2021, pursuant Fed. R. Civ. P. Rule 26(a)(1), the Parties exchanged their respective initial disclosures of persons likely to have discoverable information; documents, electronically stored information, and tangible things; computation of damages, and applicable insurance coverage.

On September 14, 2021, Plaintiff responded to all of Defendants' interrogatories and supplemented his initial disclosures.

**2.   Discovery Remaining:**

Plaintiff and Defendants have propounded written discovery to the respective parties. Defendants have yet to respond to any of the Request for Admissions, Interrogatories, and Requests for Production of Documents.  No additional discovery is anticipated or likely to be propounded by the respective parties.

**3.   Reasons Why Deadline Was Not Satisfied or Remaining Discovery Cannot Be Completed Within Current Time Limits and Why the Failure to Timely Request the Extension Was the Result of Excusable Neglect:**

As was noted in the Parties first Stipulation to Extend the Discovery Deadline, the Deputy Attorney General originally assigned to this case, Mr. Alexander J. Smith, Esq., was admitted to limited practice in Nevada, and as a result of same, was required to take the July 2021 Nevada Bar Exam. Primarily for this reason, the initial extension was stipulated to move the discovery deadline to August 13, 2021, after the July 2021 Nevada Bar Exam.  During that timeframe, in which Mr. Smith was on leave to prepare for the exam, this matter was reassigned internally in the Office of the Attorney General ("OAG"), affording minimal time for new counsel to research and respond to discovery, thus necessitating the second Stipulation to Extend the Discovery Deadline, which only minimally extended the deadline until September 13, 2021.  Overlaying this entire timeframe and

process, during the past couple of months, the Public Safety Division of the OAG has had multiple Deputy Attorney Generals and support staff leave the division.  As a result, cases are being reassigned (and often re-reassigned) on a temporary basis while the OAG attempts to fill the open positions. As a result of the significant turnover, counsel for Defendants was unable to complete discovery in this matter.  Even so, counsel anticipated being able to timely respond to Plaintiff's discovery, and, by the time it became evident that a timely response would not be possible, the deadline had passed, and the third Stipulation to Extend the Discovery Deadline was filed untimely.  This difficult circumstance in the OAG demonstrates excusable neglect under LR 26-3, and mandates an additional extension of time. As counsel for Defendants is scheduled annual leave from September 30, 2021, to October 11, 2021, and has a significant number of responsibilities that require resolution prior to departure, Defendants now request this Court extend the deadline to complete discovery from September 13, 2021, to November 13, 2021, and extend the deadline for dispositive motions from October 13, 2021, to December 13, 2021. Both Plaintiff and Defendants continue to diligently prosecute and defend this action, respectively, and believe it is in the interests of justice that this stipulation is granted.  Neither Party will be prejudiced by this brief extension of the various deadlines.

**4.   Proposed Schedule for Completing Remaining Discovery:**

| Event | Current Deadlines | Proposed New Deadlines |
|---|---|---|
| Discovery Cutoff | September 13, 2021 | **November 13, 2021** |
| Dispositive Motion Deadline | October 13, 2021 | **December 13, 2021** |
| Joint Pretrial Order Deadline | November 13, 2021 | **January 13, 2022*** |

\*  In the event a dispositive motion is under submission by December 13, 2021, the Joint Pre-Trial Order shall be due no later than 30 days after entry of the Court's order ruling on same.

/ / /

/ / /

/ / /

1    All other discovery dates not referenced herein remain the same as listed in the February 1,

2  2021, Stipulated Discovery Plan and Scheduling Order.

3         **IT IS SO STIPULATED.**

4  DATED this 24th day of September 2021.         DATED this 24th day of September 2021.

5  **GALLIAN WELKER & BECKSTROM, L.C.**    **AARON D. FORD, Attorney General**

6

7  /s/ *Nathan E. Lawrence*                  /s/*Nathan C. Holland*

8  Nathan E. Lawrence, SBN 15060             NATHAN C. HOLLAND, Bar No. 15247
   Travis N. Barrick, SBN 9257               Deputy Attorney General
9  540 E. St. Louis Avenue                   State of Nevada
10 Las Vegas, Nevada 89104                   100 N. Carson Street
   Telephone: (702) 892-3500                 Carson City, NV  89701-4717
11 nlawrence@vegascase.com                   Tel:  (775) 684-1254
12 *Attorneys for Plaintiff David A. Gonzalez*  E-mail:  NHolland@ag.nv.gov
                                             *Attorneys for Defendants*
13

14                                           **IT IS SO ORDERED.**

15

16

17  _____

    **UNITED STATES MAGISTRATE JUDGE**
18
    **DATED**:_September 27, 2021_____
19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on this 24th day of September, 2021, I electronically filed the foregoing **STIPULATION AND ORDER TO EXTEND THE DISCOVERY DEADLINE AND DISPOSITIVE MOTIONS (Fourth Request),** via this Court's electronic filing system.  Parties who are registered with this Court's electronic filing system will be served electronically.

Nathan E. Lawrence
Travis N. Barrick
GALLIAN WELKER & BECKSTROM
540 East St. Louis Avenue
Las Vegas, Nevada  89104
Email:  nlawrence@vegascase.com
*Attorneys for Plaintiff*

/s/ *Connie L. Fondi*
An employee of the
Office of the Nevada Attorney General