UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| David A. Gonzalez,<br><br>    Plaintiff,<br><br>v.<br><br>Renee Baker, et al.,<br><br>    Defendants. | Case No. 2:20-cv-01879-JCM-DJA<br><br>**Order** |

  This is a prisoner civil rights action arising out Plaintiff David Gonzales' time served as an inmate at Lovelock Correctional Center. Plaintiff sues Defendants—prison wardens, caseworkers, investigators, and lieutenants—Renee Baker, Tara L. Carpenter, Dwayne L. Baze, Maria Ward, Francisco Bautista, Valaree C. Olivas, and Stephen P. Clark for damages, alleging retaliation in violation of the First Amendment and violation of his Fourteenth Amendment due process rights. Plaintiff moves to deem Baze's non-responses to Plaintiff's requests for admissions admitted. (ECF No. 22). Plaintiff also moves to compel responses to certain of his requests for production. (ECF No. 23). Defendants did not respond to either motion. Because Defendants' have not upheld their discovery obligations or responded to Plaintiff's motions, the Court grants both of Plaintiff's motions. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I. Background.**

  ***A. Plaintiff's motion to deem admitted.***

  In his motion, Plaintiff explains that, despite multiple extensions for Defendants to respond to Plaintiff's written discovery, Baze has refused to participate. (ECF No. 22 at 4). Baze has not responded to requests for admission, requests for production, or interrogatories. (*Id.*). After counsel for the parties met and conferred on December 2, 2021, Baze's counsel explained in

an email that "we can not get ahold of B[]aze. He is not responding to any of our attempts to contact." (*Id.*). Defendant's counsel did not file a response to Plaintiff's motion. The questions Plaintiff moves for the Court to deem admitted are:

> **REQUEST FOR ADMISSION NO. 1:** Admit that You knew or were informed that, prior to the Incident, Mr. Gonzalez was helping Inmate Robert T. Estall with his legal work.
>
> **REQUEST FOR ADMISSION NO. 2:** Admit that the subject and content of the Call related to Inmate Robert T. Estall's legal work and legal claims, including a possible complaint or grievance by Inmate Robert T. Estall against Defendant Maria Ward.
>
> **REQUEST FOR ADMISSION NO. 3:** Admit that Mr. Gonzalez voluntarily informed Defendant Maria Ward of the Call on November 6, 2017.
>
> **REQUEST FOR ADMISSION NO. 4:** Admit that the decision to transfer Mr. Gonzalez out of Lovelock was made on or before February 28, 2018.
>
> **REQUEST FOR ADMISSION NO. 5:** Admit that the decision to transfer Mr. Gonzalez out of Lovelock was made on or before January 9, 2018.
>
> **REQUEST FOR ADMISSION NO. 6:** Admit that the decision to transfer Mr. Gonzalez out of Lovelock was made on or before December 4, 2017.
>
> **REQUEST FOR ADMISSION NO. 7:** Admit that the Notice of Charges against Mr. Gonzalez for violation of NDOC Administration Regulation 707.02 Disciplinary Offense G20, as more particularly described in Paragraph 36 of the Complaint, was issued on December 14, 2017.
>
> **REQUEST FOR ADMISSION NO. 8:** Admit that Mr. Gonzalez was placed in ad/seg at Lovelock on November 6, 2017.
>
> **REQUEST FOR ADMISSION NO. 9:** Admit that neither Defendant Stephen P. Clark nor Defendant Francisco Bautista investigated the truth or falsity of the assertions regarding favoritism and overfamiliarity between Defendant Maria Ward and Inmate Robert T. Estall and/or the alleged statements by Defendant Maria Ward regarding Inmate Robert T. Estall, as more particularly described in Paragraphs 17 through 20, inclusive, of the Complaint,

and as supported by the affidavits of Inmates Richard John Logan and Rashon Kalani'Kai King.

**REQUEST FOR ADMISSION NO. 10:** Admit that there is no evidence establishing the falsity of the assertions regarding favoritism and overfamiliarity between Defendant Maria Ward and Inmate Robert T. Estall and/or the alleged statements by Defendant Maria Ward regarding Inmate Robert T. Estall, as more particularly described in Paragraphs 17 through 20, inclusive, of the Complaint, and as supported by the affidavits of Inmates Richard John Logan and Rashon Kalani'Kai King.

**REQUEST FOR ADMISSION NO. 11:** Admit that the G20 Charge against Mr. Gonzalez was reduced to the charge of a violation of the NDOC Administration Regulation Disciplinary Offense M7 for "unauthorized use of institutional supplies, tools, equipment, or machinery [to wit, a telephone].

**REQUEST FOR ADMISSION NO. 12:** Admit that there is no evidence that Mr. Gonzalez committed any unauthorized use of institutional supplies, tools, equipment, or machinery [to wit, a telephone].

**REQUEST FOR ADMISSION NO. 13:** Admit that, on or about December 11, 2017, you signed Inmate Grievance Report Issue ID # 20063056991, denying Mr. Gonzalez' Informal Grievance seeking release from ad/seg.

(ECF No. 22-2 at 7-8). Plaintiff also requests his attorneys' fees and costs in pursuing the admission of the requests for admission and preparing the motion to deem them admitted. (ECF No. 22 at 7).

    **B.**    *Plaintiff's motion to compel.*

In his motion to compel, Plaintiff argues that: (1) Defendants did not provide written responses or objections to any requests for production; (2) Defendants responded to requests for admissions that they "had no personal knowledge" without any further statement that the Defendant made a reasonable inquiry and that the information he or she knows or readily could obtain was insufficient to enable him or her to admit or deny; (3) Defendants asserted that they had "no personal knowledge" to requests for admissions about their own actions; (4) Defendants responded to requests for admission that, despite a reasonable investigation, because they were no longer employed by NDOC they could not answer even though they are represented by NDOC's

counsel; (5) Defendants only produced a few documents, many of which were nonresponsive or already produced in their initial disclosures. (ECF No. 23). Plaintiff does not seek to compel responses to each of these items, but rather asks only "to effect production of Documents crucial to prosecution of the case and claims." (*Id.* at 11-12). Plaintiff requests: (1) all Documents and Communications related to the Plaintiff's transfer out of Lovelock Correctional Center; (2) all Documents and Communications related to the necessary pre-transfer medical evaluation of Plaintiff; and (3) all Documents and Communications related to the alleged falsity and investigation thereof of Plaintiff's statement which resulted in the NDOC investigation and charges against him. (*Id.*). Plaintiff adds that "[s]uch production should, of necessity, include any and all recordings or transcripts of the November 4, 2017, telephone call which lies at the heart of the damages inflicted on the Plaintiff." (*Id.*). Plaintiff also requests reasonable attorneys' fees in pursuing the production of the documents and in preparing the motion to compel. (*Id.*). Defendants did not respond to this motion.

**II.    Discussion.**

Under Federal Rule of Civil Procedure 36(a)(1)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(1)(3). Under Federal Rule of Civil Procedure 34(b)(2)(B), when responding to requests for production, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The failure to object to discovery requests within the time required constitutes a waiver of any objection. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Under Local Rule 7-2(d), [t]he failure of an opposing party to file points and authorities in response to any motion, except a…motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d).

The Court grants both of Plaintiff's motions in part. First, it grants Plaintiff's motion to deem requests for admission directed to Baze admitted. Baze has not responded to the requests

for admission at all, meaning that the matters are admitted under Federal Rule of Civil Procedure 36(a)(1)(3). Nor has Baze responded to Plaintiff's motion, constituting his consent to the Court granting the motion under LR 7-2(d). Next, the Court grants Plaintiff's motion to compel. Defendants have not provided the requisite responses to Plaintiff's requests for production, thereby waiving any objection under Federal Rule of Civil Procedure 34(b)(2)(B) and *Richmark Corp*. They have also failed to respond to Plaintiff's motion, constituting their consent to the Court granting the motion under LR 7-2(d).

However, the Court does not yet grant the requests for attorneys' fees. The failure to respond under LR 7-2(d) does not constitute consent to granting a motion for attorneys' fees. Federal Rule of Civil Procedure 37(a)(5)(A) provides a similar protection. *See* Fed. R. Civ. P. 37(a)(5)(A). While under Rule 37(a)(5)(A), a Court *must* require a party whose conduct necessitated a motion to compel disclosure or discovery to pay the movant's reasonable expenses, the Court must also first provide an opportunity to be heard. *See* Fed. R. Civ. P. 37(a)(5)(A).

The Court recognizes that it is not granting Plaintiff's motions only because of Defendants' failures to respond to the motions. Rather, as discussed above, Baze has failed to respond to requests for admission and Defendants have failed to respond to requests for production as required under the Federal Rules. Nonetheless, Defendants are entitled to an opportunity to be heard before the Court imposes sanctions.

Plaintiff shall thus file and serve a brief motion for attorneys' fees, including an itemized statement of attorneys' fees and costs incurred in the preparation and filing of the motion to deem admitted and motion to compel. As provided under Rule 37(a)(5)(A), Defendants will then have an opportunity to oppose the imposition of fees in the ordinary course, to which Plaintiff may reply in the ordinary course. Thereafter, the Court will issue an order regarding sanctions.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to deem admitted (ECF No. 22) and motion to compel (ECF No. 23) are **granted in part** except for the requests for attorneys' fees. The requests for admission directed to Baze are deemed admitted. Defendants shall provide their responses and responsive documents to the following by **Monday, February 28, 2022:**

1. All Documents and Communications related to the Plaintiff's transfer out of Lovelock Correctional Center.
2. All Documents and Communications related to the necessary pre-transfer medical evaluation of Plaintiff.
3. All Documents and Communications related to the alleged falsity and investigation thereof of Plaintiff's statement which resulted in the NDOC investigation and charges against him.
4. Any and all recordings or transcripts of the November 4, 2017, telephone call underlying Plaintiff's complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall file and serve a motion for attorneys' fees, including an itemized statement of attorneys' fees and costs incurred in the preparation and filing of the motion to deem admitted and motion to compel. Plaintiff shall file this motion on or before **Friday, February 11, 2022**. Defendants will then have an opportunity to oppose the motion and Plaintiff will have an opportunity to reply in support of the motion. Defendants' opposition and Plaintiff's reply shall be due in the ordinary course.

DATED: January 28, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE