1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

David Gonzalez,

               Plaintiff,

    v.

Renee Baker, et al.,

               Defendants.

Case No. 2:20-cv-01879-JCM-DJA

**Order**

      This is a prisoner civil rights action arising out of retaliatory behavior Plaintiff David Gonzalez alleged he experienced after helping a fellow inmate file a lawsuit while Plaintiff was incarcerated at Lovelock Correctional Center.  Plaintiff sues Defendants—Warden Renee Baker, Warden Tara L. Carpenter, Caseworker Dwayne L. Baze, Caseworker Maria Ward, Investigator Francisco Bautista, Lieutenant Valaree C. Olivas, and Lieutenant Stephen P. Clark—for damages and injunctive relief, alleging violations of his First and Fourteenth Amendment rights.  Plaintiff moves for attorneys' fees following the Court's grant of his motion to compel responses to certain of his discovery requests and his motion to deem certain requests for admission admitted.  (ECF No. 28).  Plaintiff also moves to strike Defendants' answer, arguing that, although the Court granted his motion to compel, Defendants have yet to provide the compelled discovery.  (ECF No. 31).

      Because the Court finds that Plaintiff is entitled to attorneys' fees, and that the fees are reasonable except for a slight reduction for block billing, it grants Plaintiff's motion for attorneys' fees.  (ECF No. 28).  Because the Court finds that Plaintiff is primarily prejudiced by a delay and that there are likely lesser available sanctions, it denies Plaintiff's motion to strike Defendants' answer but grants Plaintiff's request to brief whether he is entitled to attorneys' fees.  (ECF No. 31).  The Court finds these matters properly resolved without a hearing.  LR 78-1.

1    **I.    Background.**

2            On July 14, 2021, Plaintiff served discovery requests on Defendants.  (ECF No. 22 at 2).

3    Despite extensions, Defendants failed to produce the requested documents.  Baze did not

4    participate in discovery and Defendants' counsel explained that they could not get a hold of him

5    to have him fill out responses to requests for admission.  (*Id.* at 4).  The remaining Defendants

6    provided deficient responses to Plaintiff's requests.  (ECF No. 23 at 2-3).  Plaintiff thus moved to

7    deem the requests for admission to Baze admitted and to compel more complete responses by

8    Defendants.  (ECF Nos. 22 and 23).  Defendants did not respond to either motion and on January

9    28, 2022, the Court granted both.  (ECF No. 27)  In its order, the Court ordered Plaintiff to file

10   and serve a motion for attorneys' fees so that Defendants would have the opportunity to be heard

11   on the issue.  (*Id.* at 6).

12           Plaintiff moves for attorneys' fees, attaching an itemized bill.  (ECF No. 28).  Defendants

13   respond that Plaintiff is not entitled to fees because "[w]hile not in total…Defendants provided

14   [Plaintiff] with additional discovery."  (ECF No. 29).  They add that "while the discovery

15   responses provided Plaintiff were not to his satisfaction, it is not apparent that Defendants failed

16   to substantially comply with discovery requests."[1]  (*Id.* at 3).  Plaintiff replies that Defendants fail

17   to show that their failure to comply with discovery requests was substantially justified or that

18   other circumstances make the award of fees unjust.  (ECF No. 30).  Plaintiff points out that

19   Defendants' assertion that they "substantially complied" with discovery requests is belied by their

20   own concession that they did not comply "in total."  (*Id.* at 3).

21           Plaintiff also moves to strike Defendants' answer because, despite the Court ordering

22   Defendants to produce complete discovery responses on or before February 28, 2022, Defendants

23

24   ───────────────

25   [1] Defendants also argue that under *Frontier Contr., Inc. v. Allen Eng'g Contr., Inc.*, No. 1:11-cv-
     01590-LJO-SAB, 2013 WL 663429, at *7 (E.D. Cal. Feb. 22, 2013) Plaintiff is not entitled to
26   sanctions because "Rule 37 does not provide for monetary sanctions as a form of punishment for
     late filing."  (ECF No. 29 at 3).  But Defendants ignore that Rule 37 mandates that the Court
27   impose an attorneys' fee sanction if it grants a motion to compel.  Fed. R. Civ. P. 37(a)(5).
     Moreover, *Frontier* is not binding on this Court and Defendants give no reason why the Court
28   should consider it persuasive here.  The Court will not address this argument further.

1 had failed to produce anything.  (ECF No. 31).  Plaintiff explains that his counsel attempted to

2 meet and confer, which attempts went unrecognized.  (*Id.* at 6).  Because Defendants failed to

3 comply with the Court's order, Plaintiff argues that striking Defendants' answer is the appropriate

4 remedy.  (*Id.* at 6-14).

5 Defendants respond that striking the answer is too punitive.  (ECF No. 33).  They explain

6 that "[c]ounsel intend to meet with opposing counsel in the very near future to determine what

7 discovery may be outstanding and how to proceed accordingly."  (*Id.* at 3).  Plaintiff replies that

8 Defendants arguments are insufficient and emphasizes that "the motion only became a necessary

9 action following twenty-four (24) days of silence by Defendants following the Court's deadline to

10 produce documents…"  (ECF No. 34 at 2).   Plaintiff requests an opportunity to submit a motion

11 for attorneys' fees for engaging in the process of filing the motion to strike.  (*Id.*).

12 **II.   Discussion.**

13 ### *A.  The Court grants Plaintiff's motion for attorneys' fees.*

14 Under Federal Rule of Civil Procedure 37(a)(5)(A), if the court grants a party's motion to

15 compel, the court *must* require the party whose conduct necessitated the motion to pay the

16 movant's reasonable expenses incurred in making the motion, including attorneys' fees.  *See* Fed.

17 R. Civ. P. 37(a)(5)(A).  The court must first give the parties an opportunity to be heard.  *See id.*

18 The court must not order fees  if: (i) the movant filed the motion before attempting in good faith

19 to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure,

20 response, or objection was substantially justified; or (iii) other circumstances make an award of

21 expenses unjust.  *See* Fed. R. Civ. P. 37(a)(5)(A).

22 The court should only award attorneys' fees that it deems reasonable.  *Moreno v. City of*

23 *Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).  Reasonableness is generally determined using

24 the "lodestar" method, where a court considers the work completed by the attorneys and

25 multiplies the number of hours reasonably expended on the litigation by the reasonable hourly

26 rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).  After making that

27 computation, the court then assesses whether it is necessary to adjust the presumptively

28

1   reasonable lodestar figure based on the *Kerr* factors[2] that are not already subsumed in the initial

2   lodestar calculation.  *Id.*  Adjustments are proper only in rare and exceptional cases.  *Fifty-Six*

3   *Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 915 F.Supp.2d 1179, 1188 (D. Nev. 2013) (citing

4   *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987)).

5           Here, the Court granted Plaintiff's motion to compel and asked the parties to brief the

6   issue of attorneys' fees to give Defendants an opportunity to be heard.  Defendants' explanation,

7   however, fails to demonstrate that Plaintiff has not attempted to obtain the discovery Plaintiff

8   moved to compel in good faith, that the nondisclosure was substantially justified, or that other

9   circumstances make the award of fees unjust.  Defendants concede that they did not provide all

10  the discovery Plaintiff requested.  (ECF No. 29 at 2).  And Plaintiff won his motion to compel,

11  meaning that Defendants did not substantially comply with the discovery requests.  (ECF No. 30

12  at 3-4).  Defendants also do not deny that, as of April 6, 2022, they still have not provided this

13  information despite the Court's order compelling it.  *Compare* (ECF No. 29 at 2) (stating that

14  "[w]hile not in total…Defendants provided [Plaintiff] with additional discovery") *with* (ECF No.

15  33 at 3) (stating that "[c]ounsel intend to meet with opposing counsel in the very near future to

16  determine what discovery may be outstanding…").  Because the Court granted Plaintiff's motion

17  to compel and Defendants have not provided any of the reasons provided in Rule 37(a)(5)(A) for

18  not awarding attorneys' fees, the Court must award Plaintiff his attorneys' fees and costs.

19          Defendants do not argue in their response that Plaintiff's requested fees are unreasonable.

20  Neither party addresses the lodestar method and its considerations.  Nor do they address the *Kerr*

21  factors.  Nonetheless, because the Court can only award reasonable attorneys' fees, it will apply

22  the lodestar calculation to determine whether Plaintiff's fee calculation is reasonable.

23  _____

24  [2] The *Kerr* factors include: (1) the time and labor required, (2) the novelty and difficulty of the
    questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion
25  of other employment by the attorney due to acceptance of the case, (5) the customary fee,
    (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the
26  circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation,
    and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the
27  professional relationship with the client, and (12) awards in similar cases.  *Kerr v. Screen Extras*
    *Guild, Inc.*, 526 F.3d 67, 70 (9th Cir. 1975).
28

1            1.     <u>Plaintiffs' attorneys have demonstrated a reasonable hourly rate.</u>

2         The court determines a reasonable hourly rate by reference to the "prevailing market rates

3    in the relevant community" for an attorney of similar experience, skill, and reputation.  *Gonzalez*

4    *v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (quotation omitted).  The relevant

5    community generally is "the forum in which the district court sits."  *Prison Legal News v.*

6    *Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) (quotation omitted).  "For the Las Vegas

7    market, this court has regularly awarded fees where the hourly rates at issue were between $250

8    and $400."  *Scott v. Smith's Food and Drug Centers, Inc.*, No. 2:18-cv-303-JCM-VCF, 2020 WL

9    343642, at *2 (D. Nev. Jan. 21, 2020) (compiling cases).

10        Here, the relevant community is Las Vegas, Nevada.  Plaintiffs' counsel includes Nathan

11   Lawrence, whose hourly rate is $275 and Travis Barrick, whose hourly rate is $400.  These rates

12   are in line with what courts have found reasonable in Las Vegas.

13           2.     <u>Plaintiff's attorneys have expended reasonable hours except for block</u>

14                  <u>billing.</u>

15        The requesting party "has the burden of submitting billing records to establish that the

16   number of hours it has requested are reasonable."  *Gonzalez*, 729 F.3d at 1202.  The court should

17   exclude from the lodestar calculation hours that were not "reasonably expended," including hours

18   that are "excessive, redundant, or otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424,

19   434 (1983); *see also Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).  If the court

20   determines some requested fees should be excluded as unreasonable, the court may exclude bill

21   entries under an hour-by-hour analysis.  *Gonzalez*, 729 F.3d at 1203.  The court has "a great deal

22   of discretion" in determining the reasonableness of the fee, "including its decision regarding the

23   reasonableness of the hours claimed by the prevailing party."  *Prison Legal News*, 608 F.3d at

24   453.

25        A district court may reduce the amount of requested fees to reflect a party's limited degree

26   of success, to account for block billing, or to deduct hours deemed excessive if it provides an

27   adequate explanation for its fee calculation.  *Ryan v. Editions Ltd. W. Inc.*, 786 F.3d 754, 763 (9th

28   Cir. 2015).  *Welch v. Metropolitan Life Ins. Co.* stands for the proposition that one acceptable

method to reduce block-billed entries is to apply a percentage reduction. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). There, the Ninth Circuit approved a district court's use of a 20% reduction—taken from a State Bar of California Committee report that found that block billing could increase time from 10%-30%—but vacated the district court's use of that reduction on entries that were not block billed. *Id.* The Honorable Magistrate Judge George Foley Jr. has previously expressed concern with imposing the 20% reduction that the *Welch* court found reasonable when the parties did not present a Nevada study like the State Bar of California committee report. *See Melone v. Paul Evert's RV Country, Inc.*, No. 2:08-cv-00868-GWF, 2012 WL 1142638, at *5 (D. Nev. Apr. 4, 2012). However, in analyzing block billing entries for eight-hour increments with descriptions like "[a]dditional research; edit and finalize brief" in a social security case, the Honorable District Judge Jennifer A. Dorsey found a 10% reduction reasonable. *See Gozum v. Colvin*, No. 2:16-cv-01248-JAD-PAL, 2017 WL 3401445, at *2 (D. Nev. Aug. 8, 2017) (stating that "[a] district court can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without a more specific explanation") (quoting *Costa v. Comm'r*, 690 F.3d 1132, 1136 (9th Cir. 2012)).

Having reviewed the billing records submitted by Plaintiff's counsel and the supporting affidavit of Nathan Lawrence, the Court finds that the billing records for attorneys' fees are reasonable. Lawrence explains that Plaintiff's counsel spent 11.10 hours on two discovery motions—a motion to deem admitted (ECF No. 22) and a motion to compel (ECF No. 23)—totaling $3,127.50. This is not one of the rare cases in which the *Kerr* factors warrant an adjustment of the lodestar. However, it is one where the Court finds it appropriate to reduce the amount of requested fees to account for block billing and vague entries.

Plaintiff's counsel used block billing for each of their entries. While for most entries—ranging from 0.1 to 0.6 increments—the Court can determine approximately how much time counsel devoted to each task, for larger entries, the Court cannot. Specifically, Lawrence spent two hours to:

> Review served RFAs; review local rules re: "meet and confer";
> prep motion to deem RFAs admitted; prep meet and confer letter

1   (ECF No. 28-2 at 2).  While this entry is sufficiently clear, it is not clear how long

2   Lawrence spent on each item.  The Court will thus impose a 10% reduction on this entry,

3   reducing it from $550 to $495.  Next Lawrence spent an hour to:

4           Review caselaw and legal standard on Orders to Show Cause;
5           discuss with TNB, Sabree; TC to David; email responses to Nathan
            Holland; save and review Clark RFAs; save and review Ward's
6           RFAs; TC with, email to Nathan Holland re: pending RFPs; Baze;

7   (*Id.*).  It is unclear from these entries whether they are related to the two motions at issue.

8   While reviewing requests for admission and emailing regarding requests for production could

9   potentially be related to the motion to compel and motion to deem admitted, the inclusion of

10   reviewing "caselaw…on Orders to Show Cause" cast doubt.  Because the Court cannot tell

11   whether these entries are related to the motions at issue, it will not include this hour of work in

12   the awarded attorneys' fees.  Next, Lawrence spent another hour to,

13          Email responses to DAG re: production; save disclosed documents
14          to file; listen to disclosed recordings; review produced documents,
            email re: recording of the Call; review other discovery responses
15

16   (*Id*).  This entry encompasses four distinct tasks: emailing, listening to recordings,

17   reviewing documents, and reviewing discovery responses.  Including saving the documents—an

18   arguably ministerial task—brings that up to five.  Because the Court cannot tell how long

19   Lawrence spent on each task, it will impose a 10% reduction on this entry, reducing it from $275

20   to $247.50.  Finally, Lawrence spent 5.9 hours to,

21          Edit and finalize Motion to Deem Admitted and Affidavit; emails to
22          TNB for review; file same; prep, file Motion to Compel with
            Exhibits;
23

24   (*Id.*).  The Court cannot tell how long Lawrence spent on each task, although each is

25   attributable to the motions at issue.  The Court will thus impose a 10% reduction on this entry,

26   reducing it from $1622.50 to $1,460.25.  The Court calculates the lodestar figure—including the

27   above reductions—below:

28

| Attorney | Rate | Hours | Total |
|----------|------|-------|-------|
| Nathan Lawrence | $275.00 | 0.10 | $27.50 |
| Nathan Lawrence | $275.00 | 2.00 | $495.00 |
| Nathan Lawrence | $275.00 | 0.10 | $27.50 |
| Nathan Lawrence | $275.00 | 0.20 | $55.00 |
| Nathan Lawrence | $275.00 | 0.10 | $27.50 |
| Travis Barrick | $400 | 0.60 | $240.00 |
| Nathan Lawrence | $275.00 | 0.10 | $27.50 |
| Nathan Lawrence | $275.00 | 1.00 | $247.50 |
| Nathan Lawrence | $275.00 | 5.90 | $1,460.25 |

Based on that calculation, the Court will award $2,607.75 in attorneys' fees.[3]

### B.    The Court denies Plaintiff's motion to strike Defendants' answer.

Federal Rule of Civil Procedure 37(b)(2) authorizes the Court to impose sanctions when a party fails to comply with a court order related to discovery. *See* Fed. R. Civ. P. 37(b)(2). The Court will first determine whether a discovery violation occurred and second, what sanction is appropriate. *See Greene v. Wal-Mart Stores, Inc.*, No. 2:15-cv-00677-JAD-NJK, 2016 WL 829981, at *4 (D. Nev. Jan. 26, 2016). The sanctions available under Rule 37(b) include striking pleadings. Fed. R. Civ. P. 37(b)(2)(i)-(iii). Courts in the Ninth Circuit apply a five-factor test when deciding whether to impose the harsh penalty of case dispositive sanctions. *See Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991). The court evaluates: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). The first two of these factors favors the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. *Id.* Thus, the key factors are

---

[3] Plaintiff's motion does not mention costs.

prejudice and availability of lesser sanctions. *Id.* Considering prejudice, "[d]elay alone, without a focus on its effects, will not justify dismissal or default." *Id.* Other available sanctions under Rule 37(b) include (1) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (3) staying further proceedings until the order is obeyed; (4) dismissing the action in whole or in part; and (5) treating as contempt of court the failure to obey an order. *See* Fed. R. Civ. P. 37(b)(2)(A). Instead of or in addition to these remedies, the Court must order the disobedient party to pay the reasonable expenses, including attorneys' fees, caused by the failure to comply with the discovery order. *See* Fed. R. Civ. P. 37(b)(2)(C).

The Court denies Plaintiff's motion to strike Defendants' answer but grants Plaintiff's request to move for attorneys' fees. Defendants have admitted to their failure to comply with this Court's order compelling production. They explain that they have plans soon to set up a call with Plaintiff's counsel to discuss outstanding discovery. Because a discovery violation and violation of the Court's order occurred, a monetary sanction is appropriate, but not striking the answer.

Under the five-factor test, the first and second factors favor dispositive sanctions, but not because of any unique characteristic of this case. While the case has been going on since 2020, it is not the oldest on the Court's docket. The fourth—favoring disposition on the merits—cuts against dispositive sanctions, but again, not because of the case's unique characteristics.

The key factors—prejudice to Plaintiff and the availability of less drastic sanctions—weigh against striking Defendants' answer. Plaintiff has explained that eight months have passed since he served his discovery requests, yet he has still not received meaningful responses, despite a Court order. But while Plaintiff posits that certain documents might be spoliated it is not clear that the prejudice to Plaintiff goes beyond delay. Indeed, while Defendants have disregarded their obligation under this Court's order to produce the requested documents and information, they have indicated a willingness to produce them in their response. This factor weighs against dispositive sanctions. Additionally, less drastic sanctions could likely remedy the prejudice

should Defendants ultimately fail to produce the requested documents and responses.  The Court thus declines to grant Plaintiff's requested relief of striking Defendants' answer.

The parties are directed to meet and confer to discuss the outstanding production and Defendants are directed to produce the outstanding documents and responses on or before July 8, 2022.  Further delays or deficient responses without a legitimate justification will not be tolerated. The Court also grants Plaintiff's request to move for attorneys' fees.  However, the Court will require the parties to meet and confer and attempt to agree on whether Plaintiff is entitled to attorneys' fees for the motion to strike and the amount of those attorneys' fees before Plaintiff files the motion.  *See* LR 16-1(d).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for attorneys' fees (ECF No. 28) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff be awarded $2,607.75 in attorneys' fees.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike Defendants' answer (ECF No. 31) is **denied.**

**IT IS FURTHER ORDERED** that the parties must meet and confer to discuss the outstanding production and Defendants must produce the outstanding documents and responses on or before **July 8, 2022.**

**IT IS FURTHER ORDERED** that the parties shall meet and confer to attempt and agree on whether Plaintiff is entitled to attorneys' fees for the motion to strike and the amount of those attorneys' fees.  In the event the parties cannot agree, Plaintiff shall file and serve a motion for attorneys' fees, including an itemized statement of attorneys' fees and costs incurred in the preparation and filing of the motion to strike Defendants' answer.  The parties shall file their stipulation regarding attorneys' fees, or alternatively, Plaintiff shall file his motion for attorneys' fees on or before **July 8, 2022.**  If Plaintiff files a motion for attorneys' fees, Defendants will then have an opportunity to oppose the motion and Plaintiff will have an opportunity to reply in

support of the motion.  Defendants' opposition and Plaintiff's reply shall be due in the ordinary

course.

       DATED: June 8, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE